Mr. Chief Justice ShaRKEy
delivered the opinion of the court.
This was an action on a promissory note given by Sim's, in 1840, to Ross, Strong, & Co. He pleaded the general issue, and, on the trial, offered in evidence, a certified copy from the records of the United States court, for the southern district of Alabama, from which it appeared that two of the plaintiffs had been discharged from their debts, under the bankrupt act, and, thereupon, requested the court to charge the .jury, that if all, or any of the firm of Ross, Strong, & Co., have, since the giving of the note, become bankrupts, under the act of congress, then the plaintiffs have no right to sue, as they have sued, in this action. This charge the court refused to give, and. this refusal presents the only question in the cause.
The case of Eckhardt v. Wilson, 8 Term R. 140, was precisely such a case as this, except that the bankruptcy of one of the partners was pleaded specially, and it was decided to be a good plea in bar of the action. “ The plea showed,” said the court, “ not merely that there were other persons, (namely, the assignees of the bankrupt partner.) who ought to have sued with the plaintiffs, but that one of the plaintiffs could not sue at all.” The same point came before the supreme court of New York, in the case of Bird et al. v. Pierpout, 1 Johns. 118, and the judges who expressed opinions were equally divided ; Tompkins, J., having been assignee of one of the plaintiffs, expressed no opinion. This case, therefore, settles nothing.
In the case of Bird, Savage et al. v. Caritat, 2 Johns. 342, the *561 assignees of the bankrupt joined in a suit, by the other partners, who were also bankrupts, but had been so declared in England, whereas the other partner resided in, and had been declared a bankrupt in this country. The bankruptcy of the English plaintiffs was pleaded, but on demurrer the plea was held bad, because the foreign assignees could not be plaintiffs here. No objection was taken to the joinder of the assignees of the bankrupt partner, who had been declared so in the United States, and it would seem to follow, as a conclusion, that the proceeding was considered regular.
In the case of Murray v. Murray, 5 Johns. C. R. 70, Chancellor Kent said, that the assignees of a bankrupt partner, and the remaining solvent partner, are tenants in common, in respect of the partnership funds, and one party cannot call the property out of the hands of the other; and he said that it had been held that they must join in a suit at law.
These authorities seem to be decisive of the question. By the act of bankruptcy, two of the plaintiffs were divested of all interest in the note, and not only so, but the interest was vested in their assignees. In the case of Eckhardt v. Wilson, the matter was pleaded specially ; but in the case of Webb v. Fox, 7 Term R. 391, which was an action of trover, the bankruptcy of the plaintiff, although pleaded specially, might, it was said, have been given in evidence, under the general issue. There was, consequently, error in refusing to give the charge asked.
Judgment reversed, and cause remanded.